898 F.2d 147
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Jeffrey P. RIDDEL, a/k/a Jeffrey P. Riddle, Petitioner.
 No. 89-8051.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1990.
Decided: March 2, 1990.
 
 On Petition for Writ of Mandamus.
 Jeffrey P. Riddel, petitioner pro se.
 PETITION DENIED.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jeffrey P. Riddel, a federal prisoner, brought this mandamus petition seeking an order directing the district court to enter a directed verdict or default judgment in his favor because the government had not answered his habeas petition brought under 28 U.S.C. Sec. 2241, nor had the district court held a hearing on his petition.* We deny the petition because mandamus relief is not the only remedy available to Riddel to secure the requested relief. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). If a directed verdict or default judgment is warranted for failure to respond to the petition, which does not appear to be the case here, the district court may enter such an order. If the district court errs by failing to enter such an order, the error may be reviewed on appeal. Therefore, mandamus relief is not appropriate.
 
 
 2
 We deny Riddel's petition for release on bail pending disposition of the mandamus petition as moot. We deny his motion for appointment of counsel and his motion to proceed in forma pauperis. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 3
 PETITION DENIED.
 
 
 
 *
 The district court docket sheet indicates that Riddel originally filed a series of motions pursuant to 28 U.S.C. Sec. 2241 which the district court interpreted as a 28 U.S.C. Sec. 2255 motion and subsequently dismissed. The present mandamus petition was filed prior to Riddel's receipt of the district court's order dismissing his Sec. 2255 motion. Upon receipt of that order, Riddel filed a timely notice of appeal as part of a supplement to his mandamus petition. The appeal of the dismissal of his Sec. 2255 motion is not before us at this time. Finally, it appears that the district court also docketed a 28 U.S.C. Sec. 2241 petition on November 6, 1989. We have interpreted Riddel's mandamus petition as referring to the Sec. 2241 action still pending in the district court. If Riddel's petition is intended to refer to the district court's treatment of his original pleadings as a Sec. 2255 motion, mandamus relief is still inappropriate as any alleged error will be reviewable in Riddel's appeal of the dismissal of that action